350 P.2d 743

BOARD OF TRUSTEES OF JOINT CLASS A SCHOOL DISTRICT NO. 151 IN CASSIA AND TWIN FALLS COUNTIES and Hermon E. King, Reed G. Starley, Herschel Bedke, Blaine Wight and Joe Gillette, Constituting the Members of the Said Board of Trustees, Plaintiffs-Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF CASSIA COUNTY, Idaho, and Horace O. Hall, R. J. Harper and John A. Clark, Constituting the Members of the Said Board of County Commissioners of Cassia County, Idaho, Defendants-Respondents.

No. 8764.

Supreme Court of Idaho.

March 30, 1960.

Norman H. Nielson, Burley, for respondents.

Herman E. Bedke, Burley, for appellants.

McQUADE, Justice.

Facts in this case were stipulated by the parties for the reason that the notes of the court reporter could not be found.

Plaintiff school district encompasses all but two small areas of Cassia County, Idaho, as well as a small part of Twin Falls County. Joint Class A School District No. 331 of Minidoka County encompasses a small part of Cassia County, as does Joint Class A School District No. 381 of Power County. Those portions of Cassia County not within the plaintiff school district area are taxed by their respective school districts.

On April 8, 1952, an election was held wherein the electors within the area of the plaintiff district, both in Cassia and Twin Falls Counties, approved the transfer of all powers and duties of the county board of education of Cassia County to the board of trustees of the school district. Thereafter, the board of trustees of the plaintiff school district exercised the powers and duties of the board of education of Cassia County.

The stipulation does not set out the date of the tax levy; however, the pleadings, and the attorneys in their briefs, state in the year 1958 trustees of the plaintiff school district determined an additional tax levy in the sum of $25,160.42 would be required, and they asserted the right to require the board of commissioners of Cassia County to levy a tax on all of the taxable property of the county to provide these necessary funds.

County commissioners of Cassia County have refused to levy the tax requested. The plaintiffs petitioned the district court for a writ of mandate seeking to compel the board of county commissioners to levy and place upon the taxable property of Cassia County a tax sufficient to raise the $25,160.42.

The trial judge, in his findings of fact, found, among other matters, that the election transferring the powers of the old county board of education to the plaintiff school district trustees was invalid because the statutory requirements necessary for the holding of such election were not met. Upon such finding of fact, a conclusion of law was entered that the trustees of the plaintiff school district did not have the authority nor the statutory power to calculate and determine the amount of money required to be raised for the "county school emergency fund."

Plaintiffs make nine assignments of error, all relating to the findings of fact and the conclusions of law.

It is necessary to discuss one matter to determine this case, and that relates to transfer of powers of the county board of education of Cassia County to the plaintiff school district.

Idaho Code, § 33–303a authorizes an election for transfer of powers from the county board of education to the school district trustees. This statute in part reads as follows:

"In any county in which the territory supervised and administered by the county board of education is limited to that supervised and administered by the board of trustees of a single school district * * *."

Plaintiffs in their brief urge that they have the only schools within Cassia County, and therefore come within the statute authorizing such an election.

Another portion of I.C. § 33–303a states that only qualified electors within the meaning of I.C. § 33–408 may be permitted to vote at such an election. I.C. § 33–408 provides as follows:

"In all elections in all school districts for all purposes voters thereat must have the following qualifications, and whenever throughout this act the term 'qualified elector' or the term 'qualified voter' appears, it shall be construed to mean:

"1. Electors within the meaning of article 6, section 2 of the constitution of the state of Idaho.

"2. Residents of the district at time of election.

"In addition to the foregoing requirements, said voters in all instances must possess one of the two following qualifications:

"1. Parents or guardians of a child or children when such child or children are under twenty-one years of age, and when such child or children and the parents or guardians thereof are residents of the district at the time of the election; or,

"2. A person who pays taxes within the district, and the husband or wife of such taxpayer, in case the taxpayer is married. A payer of poll tax is not a taxpayer within the meaning of this act."

The election held was not authorized by the statute in that the territory supervised by the county board of education was not limited to that territory supervised by the board of trustees of the plaintiff school

**187**

district. The stipulation of the parties does not set out the extent of the territory supervised by the county board of education, but the stipulation did provide that not all of the qualified voters of Cassia County within the meaning of I.C. § 33-408 were permitted to vote.

The plaintiffs now attempt to exert control over the entire county, thereby leading us to the conclusion that the county board of education encompassed all of Cassia County. Therefore, the plaintiffs did not meet the statutory requirements before holding the election, and because of this defect they were not entitled to hold such election.

To approve the transfer of the powers of the county board of education, I.C. § 33-303a provides that such a proposition must be presented to the voters affected. This statutory proposition was not submitted to all of the voters of the county. These statutory requirements not having been complied with, the election was therefore a nullity and void.

The judgment of the trial court is affirmed.

Costs to respondents.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.